UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- X
                                                        :
ANGEL CORDERO,                                          :
                                                        :
                              Petitioner,               :
                                                        :        **OPINION AND ORDER**
          - against -                                   :
                                                        :        09 Civ. 4388 (SAS)
UNITED STATES OF AMERICA,                               :
                                                        :        01 CR 74 (SAS)
                              Respondent.               :
------------------------------------------------------- X

SHIRA A. SCHEINDLIN, U.S.D.J.:

I.    INTRODUCTION

Angel Cordero, proceeding pro se, moves to vacate, set aside, or correct his sentence under section 2255 of Title 28 of the United States Code ("section 2255"). Cordero challenges his sentence on the ground that he was denied effective assistance of counsel. For the reasons stated below, his motion is denied.

II.   BACKGROUND

A.    The Offense Conduct

On November 14, 2002, the S4 superseding indictment ("the Indictment") was filed against Cordero and four co-defendants. The Indictment, containing twenty-one counts, charged Cordero with the following: (1) conspiracy

to violate the narcotics laws of the United States in violation of section 846 of Title 21 of the United States Code (Count One); (2) counseling, commanding, inducing, procuring, and causing the intentional killing of Earl Edwards while engaged in a narcotics conspiracy in violation of section 848(e)(1)(A) of Title 21(Count Two); (3) distribution and possession with intent to distribute a controlled substance in violation of sections 812, 841(a)(1), and 841(b)(1)(C) of Title 21(Counts Three through Eleven); (4) the use and carrying of firearms and the possession of firearms in furtherance of the narcotics conspiracy on December 15, 2000 in violation of section 924(c) of Title 18 of the United States Code ("section 924(c)")(Count Seventeen); and (5) the use and carrying of a firearm and the possession of a firearm in furtherance of the narcotics conspiracy in April 2001, in violation of section 924(c)(Count Twenty-One).[1] Cordero pled not guilty and, on May 14, 2003, he went to trial with four co-defendants.[2] The trial concluded on July 7, 2003, and Cordero was convicted on all Counts in the Indictment.[3] On July 29, 2004, Cordero was sentenced to forty years of imprisonment to be followed by

---

[1] *See* Indictment ¶¶ 1-15, 21, 25.

[2] *See* Government's Memorandum of Law in Opposition to Angel Cordero's Petition to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 ("Gov't Mem.") at 3.

[3] On motion by the Government, the Court dismissed Count Twenty-One.

a supervised release period of five years and a special assessment of $1200.[4]

### B.   Procedural History

Cordero, along with three co-defendants, timely filed a Notice of Appeal on August 6, 2004. On appeal, Cordero challenged, inter alia, the sufficiency of the evidence to support his conviction for the section 924(c) gun charge contained in Count Seventeen.[5] The Second Circuit found Cordero's arguments to be without merit and affirmed the judgment of conviction previously entered by this Court.[6]

Cordero's section 2255 motion, dated April 6, 2009, was received by this Court's Pro Se Office on April 13, 2009, and was filed by the Clerk of the Court on May 7, 2009. Since then, Cordero has filed a Supplemental Motion and Memorandum in Support of Request for an Evidentiary Hearing and a Motion Seeking Leave to Amend the Petitioner's Supplemental Pleading Pursuant to Rule 15(d) of the Federal Rules of Civil Procedure. Both of these motions were denied

---

[4]   *See* Transcript of Sentencing ("Sent. Tr."), Ex. D to Gov't Mem., at 29.

[5]   *See United States v. Martinez,* No. 04-4414-cr(L), 2008 WL 1752228, at *2 (2d Cir. Apr. 15, 2008).

[6]   *See id.* at *3.

3

in an Order filed on October 4, 2010.[7]

### III. APPLICABLE LAW

Section 2255 permits a convicted person held in federal custody to petition the sentencing court to vacate, set aside, or correct a sentence. A properly filed motion under section 2255 must allege that: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the sentencing court was without jurisdiction to impose a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack.[8] Accordingly, collateral relief under section 2255 is permitted "only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes 'a fundamental defect which inherently results in a complete miscarriage of justice.'"[9] A petitioner seeking to attack his sentence based on ineffective assistance of counsel must: (1) show that counsel's performance fell below "an objective standard of reasonableness" under "prevailing professional norms," and (2) "affirmatively prove prejudice," namely, demonstrate that "there is

---

[7] *See* 10/4/10 Order, *Cordero v. United States*, 09 Civ. 4388 (SAS).

[8] *See* 28 U.S.C. § 2255.

[9] *Cuoco v. United States*, 208 F.3d 27, 29 (2d Cir. 2000) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).

a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[10]

When analyzing a claim that counsel's performance did not meet constitutional standards, "judicial scrutiny of counsel's performance must be highly deferential."[11] The court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."[12] "In assessing the attorney's performance, a reviewing court must judge his conduct on the basis of the facts of the particular case, 'viewed as of the time of counsel's conduct,' and may not use hindsight to second-guess his strategy choices."[13] Constitutionally inadequate performance may be established if a habeas petitioner "shows that counsel omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker."[14] Nonetheless, "[t]he failure to include a meritless argument does not fall outside the wide range of professionally

---

[10] *Strickland v. Washington*, 466 U.S. 668, 688, 693-94 (1984).

[11] *Id.* at 689.

[12] *Id.*

[13] *Mayo v. Henderson*, 13 F.3d 528, 533 (2d Cir. 1994) (quoting *Strickland*, 466 U.S. at 690).

[14] *Clark v. Stinson*, 214 F.3d 315, 322 (2d Cir. 2000).

competent assistance to which [a] [p]etitioner [i]s entitled."[15] Finally, even if an attorney's performance was objectively unreasonable and unprofessional, a petitioner must still prove prejudice.[16]

## IV. DISCUSSION

### A. Failure to Object to Sentencing

Cordero was sentenced to twenty years on Count Two, ten consecutive years on Count One and Counts Three through Eleven, and ten consecutive years on Count Seventeen.[17] The ten year sentence on Count One and Counts Three through Eleven runs concurrently with each other but consecutive to the twenty year sentence on Count Two, followed by the consecutive ten year term on Count Seventeen, equaling a total of forty years of imprisonment.[18] Cordero claims that his counsel's performance did not meet constitutional standards due to counsel's failure to: (1) assert double jeopardy based on Cordero's receipt of separate and consecutive sentences for violations of sections 846 and 848(e) of Title 21 of the United States Code; and (2) advise the Court that the sentences on

---

[15] *Aparicio v. Artuz*, 269 F.3d 78, 99 (2d Cir. 2001) (quotation marks and citations omitted).

[16] *See Strickland*, 466 U.S. at 687.

[17] *See* Sent. Tr. at 29.

[18] *See id.*

all of Cordero's counts of conviction, other than his conviction on Count Seventeen, could run concurrently.[19] Failure to include an argument that lacks merit, however, does not constitute professionally incompetent assistance.[20]

The Double Jeopardy Clause prohibits a defendant from being punished more than once for the same offense. "If 'the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of a fact which the other does not.'"[21] Sections 846 and 848(e) define separate offenses as each requires proof of a fact which the other does not. Furthermore, this Court correctly understood that by statute, there is no requirement that Count One and Count Two run consecutively.[22] Cordero could "receive no less than 30 years in prison, that is, twenty [years] on Count Two, if it ran concurrently with Count One, and a consecutive ten-year term for Count [Seventeen]."[23] The Court decided that a total sentence of forty years was

---

[19] *See* Memorandum in Support of Movant's 28 U.S.C. § 2255 ("Pet. Mem.") at 1-2; 10-11.

[20] *See Aparicio,* 269 F.3d at 99.

[21] *Rutledge v. United States,* 517 U.S. 292, 297 (1996) (quoting *Blockburger v. United States,* 284 U.S. 299, 304 (1932)).

[22] *See* Sent. Tr. at 7.

[23] *Id.*

appropriate, explaining that "whether the mandatory minimum was 40 years or 30 years [is] irrelevant."[24] Counsel is not expected to advise the Court on law which the Court already fully comprehends. Thus, Cordero's Double Jeopardy and failure to advise claims are dismissed.

### B.   Misstatement of Charges

Count Seventeen charged Cordero with possession of a .45 caliber semi-automatic pistol and a Tec-9 semi-automatic assault weapon in furtherance of the drug conspiracy.[25] Appellate counsel's brief strategically argued that, although testimonial evidence showed that Cordero used and carried the Tec-9, that evidence failed to link Cordero's use and possession of the Tec-9 to the furtherance of the drug conspiracy. However, appellate counsel mistakenly contested the sufficiency of the evidence to convict Cordero of violating section 924(c) for possession of a 9 millimeter and a .38 caliber revolver. The Indictment did not charge Cordero with possession of a 9 millimeter or a .38 caliber revolver. Cordero asserts that appellate counsel was ineffective because he referenced the wrong guns in his brief.[26]

---

[24]   *Id.* at 30.

[25]   *See* Indictment ¶ 21.

[26]   Pet. Mem. at 2-3.

8

Appellate counsel's misstatement regarding the types of guns did not prejudice petitioner. Cordero filed a pro se supplemental brief on appeal claiming that the evidence was insufficient to prove that he had "possessed, used or carried" the Tec-9 or the .45 caliber semi-automatic pistol.[27] Cordero's pro se brief argued that there was no testimony that petitioner "even had any knowledge of the weapons being present at the time specified in the Indictment on Count [Seventeen]."[28] The Second Circuit rejected this argument, stating that:

> the record establishes that Cordero: offered to insure payment of $5000 to Sanchez if Sanchez murdered member[s] of the rival gang; directed a member of the Hughes Boys to retrieve a .45 caliber semi-automatic pistol, which was given to Delvi and picked up by Sanchez after Sanchez was offered money to commit murder; and joined in the armed excursions to locate and kill members of the rival gang.[29]

Cordero cannot show that but for appellate counsel's failure to state the correct guns in his brief, "the result of the proceeding would have been different."[30] Accordingly, Cordero's ineffective assistance of counsel claim regarding the types

---

[27] Supplemental Brief for Appellant ("Supp. Br."), Ex. B to Gov't Mem., at 15.

[28] *Id.* at 9.

[29] *Martinez*, 2008 WL 1752228, at *2.

[30] *Strickland*, 466 U.S. at 698.

of guns referenced in his appellate brief is dismissed.

### C. Sufficiency of the Evidence

Cordero asserts an ineffective assistance of counsel claim on the basis of trial and appellate counsel's failure to argue that there was insufficient evidence to convict Cordero on Count Seventeen.[31] Petitioner argues that: (1) trial and appellate counsel should have asserted that the evidence did not support the conviction of Cordero for using or carrying a Tec-9 or a .45 caliber on December 15, 2000; and (2) appellate counsel was also ineffective for failing to argue that the evidence was insufficient to convict Cordero on Count Seventeen absent proof that Cordero "actively employed" the firearms at issue.[32] On appeal, Cordero unsuccessfully raised the argument he claims trial and appellate counsel should have asserted.[33] In response, the Second Circuit directly addressed Cordero's claim that the evidence did not support his conviction for the offense charged in Count Seventeen and concluded that the record did in fact contain sufficient evidence to support this conviction.[34]

---

[31] *See* Pet. Mem. at 3-6.

[32] *Id.*

[33] *See* Supp. Br. at 3-4; 7-9; 12-13.

[34] *See Martinez*, 2008 WL 1752228, at *2.

Cordero's argument that appellate counsel should have made an insufficiency of the evidence claim based on the lack of showing that Cordero "actively employed" the firearms is without merit, as it is based on a misinterpretation of the law. Count Seventeen of the Indictment charged Cordero with using and carrying firearms and the *possession* of firearms in furtherance of the narcotics conspiracy, in violation of section 924(c) of Title 18.[35] While Congress chose to make section 924(c) "more stringent than mere possession," it is still "less stringent than active employment," contrary to Cordero's argument.[36] "By way of guidance, the Judiciary Committee Report describes when a gun is possessed in furtherance of an underlying offense: the government must clearly show that a firearm was possessed to advance or promote the commission of the underlying offense."[37] The record establishes that Cordero offered to insure payment to Sanchez if Sanchez murdered a member of the rival gang, directed a member of the Hughes Boys to retrieve a .45 caliber semi-automatic pistol, and joined in the armed excursions to locate and kill members of the rival gang.[38]

---

[35] *See* Indictment ¶ 21 (emphasis added).

[36] *United States v. Lawrence*, 308 F.3d 623, 629 (6th Cir. 2002).

[37] *Id.* at 630 (quotation marks and citations omitted).

[38] *See Martinez*, 2008 WL 1752228, at *2.

Thus, as found by both the jury and the Court of Appeals, the evidence was sufficient to prove that Cordero possessed a firearm in furtherance of the narcotics conspiracy. Therefore, counsel's refusal to raise the arguments suggested by Cordero did not constitute ineffective assistance.

### D.     Constitutionality of the Indictment

Cordero alleges ineffectiveness due to counsel's failure to object to the unconstitutionality of the Indictment.[39] The defects alleged by Cordero with regard to the Indictment include the following: (1) the charges against him, most importantly the conspiracy charge, were not presented to the grand jury; and (2) the Indictment did not meet the requirements of Rule 7(c)(1) of the Federal Rules of Criminal Procedure.[40]

> It is well settled that alleged errors in grand jury proceedings are not cognizable on federal habeas corpus review because [p]etitioner was convicted by a jury after a trial. A verdict of guilty necessarily renders any irregularities before the grand jury harmless as it establishes not only that there existed probable cause to indict the defendant, but also that the defendant was "in fact guilty as charged beyond a reasonable doubt."[41]

---

[39]    *See* Pet. Mem. at 7.

[40]    *See id.*

[41]    *Wood v. Poole,* No. 9:03-CV-853, 2007 WL 2027731, at *5 (N.D.N.Y July 9, 2007) (quoting *United States v. Mechanik,* 475 U.S. 66, 68 (1986)).

Therefore, petitioner's claim that the charges against him were not presented to the grand jury is not cognizable on habeas review and is denied. Rule 7(c)(1) states that "the indictment must be a plain, concise, and definite written statement of the essential facts constituting the offense charged and must be signed by an attorney for the government."[42] The signed Indictment clearly and thoroughly explicates the charges against Cordero and his co-defendants, albeit in a concise manner. Thus, Rule 7(c)(1) has clearly been satisfied.

### E.   Speedy Trial Violation

Cordero asserts that the Speedy Trial Act was violated because this Court granted several "ends of justice" continuances[43] "without making any specific findings in the record for justifying such a continuance."[44] The burden is on the defendant to move for dismissal when the Speedy Trial Act is violated.[45] Cordero did not move on this ground in this Court nor did he raise this claim on direct appeal. Petitioner now attempts to frame this alleged violation as an

---

[42]   Fed. R. Crim. P. 7(c)(1).

[43]   18 U.S.C. § 3161(h)(8)(A).

[44]   *See* Pet.Mem. at 7.

[45]   *See* 18 U.S.C. § 3162(a)(2).

13

ineffective assistance of counsel claim, presumably to avoid the procedural bar.[46] Even if this Court construes Cordero's allegation as stating an ineffective assistance of counsel claim, the decision by Cordero's trial and appellate attorneys not to assert a Speedy Trial Act violation does not render their assistance constitutionally ineffective.

Section 3161(h) of Title 18 of the United States Code ("section 3161(h)") lists periods of delay that shall be excluded in computing time within which the trial for an offense must commence and the factors a judge must consider when excluding time under the Speedy Trial Act.[47] "The precise reasons for granting [an] exclusion need not be set forth at the time the exclusion is made, so long as it is clear that the court engaged in the proper consideration of the Act's purposes and consciously determined to exclude time."[48] The docket sheet reflects that this Court properly excluded time under the Speedy Trial Act at every pretrial and status conference, when pretrial motions were pending, and in the interest of justice. The days on which status conferences are held are excluded under the Speedy Trial Act given that a status conference is a "proceeding" for purposes of

---

[46]  *See id.*

[47]  *See* 18 U.S.C. § 3161(h).

[48]  *United States v. Tunnessen,* 763 F.2d 74, 78 (2d Cir. 1985) (citing *United States v. Brooks,* 697 F.2d 517, 522 (3d Cir. 1982)).

section 3161(h)(1).[49] Pretrial conferences and delays relating to pretrial motions are also excluded under section 3161(h)(1).[50] Moreover, this Court's exact reasoning regarding the interest of justice exclusions need not be divulged, contrary to petitioner's assertion, as this Court consciously considered the Speedy Trial Act's purpose when deciding to exclude time.[51]

F.  **Failure to Provide 3500 Material**

Lastly, Cordero claims ineffective assistance of counsel regarding the Government's alleged noncompliance with discovery mandates.[52] Cordero asserts that trial and appellate counsel unreasonably failed to object to the Government's decision not to provide 3500 material for cooperating witness Roberto Benitez prior to calling Benitez to the witness stand.[53] Petitioner's claim is meritless because the United States is not required to provide 3500 material until *after* the Government witness has testified.[54] Moreover, petitioner's allegation

---

[49]  *See United States v. Lucky,* 569 F.3d 101, 107 (2d Cir. 2009) ("And a status conference is manifestly a 'proceeding,' which, while not listed in the nonexclusive examples contained in 18 U.S.C. ¶ 3161(h)(1), is very similar to the examples given in that section.").

[50]  *See* 18 USC § 3161(h)(1).

[51]  *See Tunnessen,* 763 F.2d at 74 (citing *Brooks,* 697 F.2d at 522).

[52]  *See* Pet. Mem. at 8.

[53]  *See id.*

[54]  *See* 18 U.S.C. § 3500(a) (emphasis added). However, it is customary for the Government to provide 3500 material to defense counsel two or three days

lacks supporting evidence and is easily disproved. Counsel for Cordero used items from Benitez's 3500 material to cross-examine Benitez, as shown by the trial record, thus proving that his 3500 material was in fact timely received by defense counsel and used effectively in Cordero's defense.[55] Thus, Cordero's claim regarding Benitez's 3500 material is without merit and must be dismissed.

## V. CONCLUSION

For the foregoing reasons, Cordero's section 2255 motion is denied. The remaining issue is whether to grant a certificate of appealability ("COA"). For a COA to issue, a petitioner must make a "substantial showing of the denial of a constitutional right."[56] A "substantial showing" does not require a petitioner to demonstrate that he would prevail on the merits, but merely that reasonable jurists could debate whether "the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"[57] Petitioner has made no such showing. Accordingly, I decline to grant

---

before a Government witness testifies.

[55] *See* Gov't Mem. at 19.

[56] 28 U.S.C. § 2253(c)(2).

[57] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983) (quotation marks and citation omitted)). *Accord Middleton v. Attorneys Gen. of the States of New York and Pennsylvania*,

a certificate of appealability. The Clerk of the Court is directed to close this case.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:      New York, New York
            November 8, 2010

---

396 F.3d 207, 209 (2d Cir. 2005) (denying COA where reasonable jurists could not debate whether the district court's dismissal of the petition was correct).

## -Appearances-

**Petitioner (Pro Se):**

Angel Cordero
#45200-054
FCC-Coleman
P.O. Box 1034
Coleman, FL 33521

**For Respondent:**

David Rody
Assistant United States Attorney
One Saint Andrew's Plaza
New York, NY 10007
(212) 637-2304