UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------- X
                                 :

ANGEL CORDERO,                :

                    :

           Petitioner,   :

                    :

    - against -          :

                    :

UNITED STATES OF AMERICA    :

                    :

           Respondent.   :
------------------------------------------------- X

**OPINION AND ORDER**

**09 Civ. 4388 (SAS)**

**01 CR 74 (SAS)**

SHIRA A. SCHEINDLIN, U.S.D.J.:

## I.    INTRODUCTION

            Angel Cordero ("Petitioner" or "Cordero"), proceeding pro se,

moved to vacate, set aside, or correct his sentence pursuant to section 2255 of title

28 of the United States Code ("section 2255") on the ground that he was denied

effective assistance of counsel.[1]  On May 7, 2009, Petitioner filed a Memorandum

in Support of Movant's Section 2255 Motion.  Petitioner also submitted a

Traverse to Government's Opposition Motion.  In an Opinion and Order dated

November 8, 2010, this Court addressed claims raised in both submissions and

---

[1]    *See* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct
Sentence by a Person in Federal Custody, filed May 7, 2009.

denied Cordero's section 2255 motion.[2]  Petitioner subsequently filed a timely

Motion and Memorandum in Support of a Request for Reconsideration Pursuant

to Rule 59(e), dated November 22, 2010 ("Motion for Reconsideration").[3]  For the

following reasons, Petitioner's Motion for Reconsideration is denied.

## II.   BACKGROUND

### A.   The Offense Conduct

On November 14, 2002, the S4 Superseding Indictment (the

"Indictment") was filed against Cordero and four co-defendants.  The Indictment,

containing twenty-one counts, charged Cordero with the following:  (1)

conspiracy to violate the narcotics laws of the United States in violation of section

846 of title 21 of the United States Code (Count One); (2) counseling,

commanding, inducing, procuring, and causing the intentional killing of Earl

Edwards while engaged in a narcotics conspiracy in violation of section

848(e)(1)(A) of title 21 of the United States Code (Count Two); (3) distribution,

and possession with intent to distribute, a controlled substance in violation of

sections 812, 841(a)(1), and 841(b)(1)(C) of title 21 of the United States Code

(Counts Three through Eleven); (4) the use and carrying of firearms and the

---

[2]      *See Cordero v. United States,* No. 09 Civ. 4388, 2010 WL 4507771
(S.D.N.Y. Nov. 8, 2010).

[3]      *See* Fed. R. Civ. P. 59(e).

possession of firearms in furtherance of the narcotics conspiracy on December 15, 2000 in violation of section 924(c) of title 18 of the United States Code ("section 924(c)") (Count Seventeen); and (5) the use and carrying of a firearm and the possession of a firearm in furtherance of the narcotics conspiracy in April 2001, in violation of section 924(c) (Count Twenty-One).[4]  Cordero pled not guilty and, on May 14, 2003, he went to trial with four co-defendants.[5]  The trial concluded on July 7, 2003, and Cordero was convicted on all Counts in the Indictment.[6]  On July 29, 2004, Cordero was sentenced to forty years of imprisonment to be followed by a supervised release period of five years and a special assessment of $1200.[7]

**B.     Procedural History**

Cordero, along with three co-defendants, timely filed a Notice of Appeal on August 6, 2004.  On appeal, Cordero challenged, inter alia, the sufficiency of the evidence to support his conviction for the section 924(c) gun

---

[4]     *See* Indictment ¶¶ 1-15, 21, 25.

[5]     *See* Government's Memorandum of Law in Opposition to Angel Cordero's Petition to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 ("Gov't Mem.") at 3.

[6]     On motion by the Government, the Court dismissed Count Twenty-One.

[7]     *See* Transcript of Sentencing, Ex. D to Gov't Mem., at 29.

3

charge contained in Count Seventeen.[8]  The Second Circuit found Cordero's

arguments to be without merit and affirmed the judgment of conviction previously

entered by this Court.[9]  Cordero's section 2255 motion, dated April 6, 2009, was

received by this Court's Pro Se Office on April 13, 2009, and was filed by the

Clerk of the Court on May 7, 2009.  In his section 2255 motion, Cordero argued

that his attorney's performance was ineffective due to his failure to:  (1) object to

the sentence Cordero received; (2) reference the correct charges in his appellate

brief; (3) assert that there was insufficient evidence to convict Cordero on Count

Seventeen; (4) object to the unconstitutionality of the Indictment; (5) assert a

Speedy Trial Act violation and (6) object to the Government's alleged

noncompliance with discovery mandates.[10]  I found all of these claims to be

meritless.  Cordero now urges this Court to reconsider these rulings.[11]  Cordero's

request is denied for the following reasons.

## III.   APPLICABLE LAW

        Motions for reconsideration are governed by Rule 6.3 of the Local

---

[8]    *See United States v. Martinez,* No. 04-4414-cr(L), 2008 WL 1752228, at *2 (2d Cir. Apr. 15, 2008).

[9]    *See id.* at *3.

[10]    *See* Memorandum in Support of Movant's 28 U.S.C. § 2255 Petition at 1-8.

[11]    *See* Motion for Reconsideration at 8.

Rules of the United States District Courts ("Local Civil Rule 6.3") and are committed "'to the sound discretion of the district court.'"[12]  A motion for reconsideration is appropriate where "'the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'"[13]  A motion for reconsideration may also be granted to "'correct a clear error or prevent manifest injustice.'"[14]  The purpose of Local Civil Rule 6.3 is to "'ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters.'"[15]  Local Civil Rule 6.3 must be "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the

---

[12]     *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009) (quoting *Nemaizer v. Baker*, 793 F.2d 58, 61-62 (2d Cir. 1986)).

[13]     *In re BDC 56 LLC*, 330 F.3d 111, 123 (2d Cir. 2003) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)).

[14]     *RST (2005) Inc. v. Research in Motion Ltd.*, No. 07 Civ. 3737, 2009 WL 274467, at *1 (S.D.N.Y. Feb. 4, 2009) (quoting *Virgin Atl. Airways, Ltd. v. National Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)).

[15]     *Grand Crossing, L.P. v. United States Underwriters Ins. Co.*, No. 03 Civ. 5429, 2008 WL 4525400, at *3 (S.D.N.Y. Oct. 6, 2008) (quoting *S.E.C. v. Ashbury Capital Partners*, No. 00 Civ. 7898, 2001 WL 604044, at *1 (S.D.N.Y. May 31, 2001)).  *Accord Commerce Funding Corp. v. Comprehensive Habilitation Servs., Inc.*, 233 F.R.D. 355, 361 (S.D.N.Y. 2005) ("[A] movant may not raise on a motion for reconsideration any matter that it did not raise previously to the court on the underlying motion sought to be reconsidered.").

Court."[16]  Courts have repeatedly warned parties that motions for reconsideration

should not be made reflexively in order to reargue "'those issues already

considered when a party does not like the way the original motion was

resolved.'"[17]  A motion for reconsideration is not an "opportunity for making new

arguments that could have been previously advanced,"[18] nor is it "'a substitute for

appeal.'"[19]

## IV.   DISCUSSION

Petitioner alleges that this Court failed to address his Traverse to

Government's Opposition Motion (the "Traverse") or his Request for an

Evidentiary Hearing and the Appointment of Counsel.[20]  In support of this claim,

Petitioner asserts that the Traverse and the Motion for a Hearing were not filed

---

[16]     *United States v. Treacy*, No. 08 Cr. 0366, 2009 WL 47496, at *1
(S.D.N.Y. Jan. 8, 2009) (quotation marks omitted).  *Accord Shrader v. CSX
Transp. Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (holding that a court will deny the
motion when the movant "seeks solely to relitigate an issue already decided.").

[17]     *Makas v. Orlando*, No. 06 Civ. 14305, 2008 WL 2139131, at *1
(S.D.N.Y. May 19, 2008) (quoting *In re Houbigant, Inc.*, 914 F. Supp. 997, 1001
(S.D.N.Y. 1996)).

[18]     *Associated Press v. United States Dep't of Defense*, 395 F. Supp. 2d
17, 19 (S.D.N.Y. 2005).

[19]     *Grand Crossing*, 2008 WL 4525400, at *4 (quoting *Morales v.
Quintiles Transnational Corp.*, 25 F. Supp. 2d 369, 372 (S.D.N.Y. 1998)).

[20]     *See* Motion for Reconsideration at 4.

6

and, therefore, were not received or considered by this Court.[21]  A Supplemental

Motion and Memorandum in Support of Request for an Evidentiary Hearing (the

"Supplemental Motion") was filed by Cordero on June 21, 2010.  He asserted that

a hearing was necessary to determine whether the testimony given at trial

supported his conviction on Count Seventeen and the ten-year sentence he

received.[22]  In an Order issued on October 4, 2010, this Court denied Cordero's

request for an evidentiary hearing given the apparent lack of merit in Cordero's

ineffective assistance of counsel motion with respect to the gun charge.[23]

Consequently, contrary to Cordero's assertion, his motion for an evidentiary

hearing was considered by this Court and it was denied.  Cordero never moved for

the appointment of counsel.  Furthermore, it is within the discretion of the Court

to appoint counsel for the petitioner.

Cordero's Traverse was mailed on May 18, 2010, and received by

this Court on May 20, 2010.  The arguments contained in the Traverse were fully

considered by this Court and found to be without merit.  In the Traverse, Cordero

claims that counsel was ineffective due to his failure to object to Roberto

---

[21]     *See id.* at 5.

[22]     *See* Petitioner's Supplemental Motion and Memorandum in Support
of Request for an Evidentiary Hearing at 2-3.

[23]     *See* 10/4/10 Order, *Cordero v. United States,* 09 Civ. 4388 (SAS).

Benitez's testimony on the following grounds: (1) it was given in exchange for payment by the Government in violation of Section 201(c)(2) and (3) of title 18 of the United States Code; and (2) it must be corroborated in order to be admitted at trial under Rule 801(d)(2)(E) of the Federal Rules of Evidence ("Rule 801(d)(2)(E)").[24] Cordero claims that Roberto Benitez was a "fact paid witness" and that "[t]rial counsel made no objection to the government paying Benitez nor his accepting anything of value for his testimony."[25] However, Cordero does not offer any evidence in support of his claim that Benitez was paid for his testimony. Furthermore, this Court reviewed the testimony given by Benitez and, contrary to Cordero's claim, neither Benitez nor the Government ever stated that Benitez was paid for testifying.[26] Rather, Benitez testified that he entered into a cooperation agreement with the Government in which he agreed to: (1) "tell the truth;" (2) "assist the government;" and (3) not "break the law again."[27] In exchange, the Government will "write [him] a 5K1 letter which details all the bad and criminal

---

[24]   *See* Petitioner's Traverse to Government's Opposition Motion (Pet. Traverse) at 9-10, 13-14, 20.

[25]   *Id.* at 9-10.

[26]   *See* Trial Transcript ("Trial Tr.") at 2293-2299.

[27]   *Id.* at 2294.

8

things that [he] did as well as all the good things that [he] did."[28] Witnesses may

testify pursuant to such cooperation agreements with the Government.[29]

Consequently, counsel's failure to object to Benitez's testimony on the ground

that it violated section 201(c) of title 18 of the United States Code does not

constitute ineffective assistance as counsel is not expected to assert meritless

arguments.[30]

      Cordero next claims that Benitez's testimony violated Rule

801(d)(2)(E)[31] and that his attorney's failure to object to Benitez's testimony on

this ground constituted ineffective assistance of counsel.[32]  Rule 801(d)(2)(E)

"excludes from the definition of hearsay statements made by a co-conspirator

during the course, and in furtherance, of a conspiracy."[33]  "Extra-judicial

statements by co-conspirators may be admitted" during trial if the "government

establishes by a preponderance of the evidence that there was a conspiracy, that

both the declarant and the party against whom the statements are offered were

---

[28]     *Id.* at 2297.

[29]     *See United States v. Glenn,* 312 F.3d 58, 64 (2d Cir. 2002).

[30]     *See Aparicio v. Artuz,* 269 F.3d 78, 99 (2d Cir. 2001).

[31]     *See* Pet. Traverse at 13.

[32]     *See id.*

[33]     *United States v. Tellier,* 83 F.3d 578, 580 (2d Cir. 1996).

members of the conspiracy, and that the statements were made during and in furtherance of the conspiracy."[34]  In making this determination, "the court may consider the hearsay statements themselves."[35]  However, the Second Circuit has found that "an alleged co-conspirator's hearsay statements are 'presumptively unreliable and, for such statements to be admissible, there must be some independent corroborating evidence of the defendant's participation in the conspiracy.'"[36]

Cordero does not specify the instances in which he alleges the Court improperly admitted hearsay by Benitez.[37]  Furthermore, Benitez's testimony regarding the weapons possessed in furtherance of the narcotics conspiracy and the intentional killing of Earl Edwards did not constitute hearsay, as the Court explicitly limited the scope of the Government's questioning to prevent the introduction of hearsay by Benitez.  Towards the beginning of Benitez's testimony, the Court instructed him not "to tell us about things you heard from

---

[34]     *Id.* (citing *Bourjaily v. United States,* 483 U.S. 171, 175-76 (1987)) (parallel citations omitted).

[35]     *Bourjaily,* 483 U.S. at 177-78.

[36]     *Tellier,* 83 F.3d at 580 (quoting Fed. R. Evid. 801(d)(2)(E)).

[37]     *See United States v. Bellomo,* 176 F.3d 580, 588 (2d Cir. 1999).

10

other people.  Tell us only what you did with others."[38]  Benitez then described the

types of guns he saw in the possession of various defendants.[39]  He also described

a meeting where statements were made about killing Edwards.  The Court allowed

Benitez to describe what he observed at this meeting[40] and what he observed when

he witnessed Edwards' murder.[41]  None of this testimony constituted hearsay.

Therefore, counsel was not ineffective for failing to raise the meritless argument

that Benitez's testimony violated section 801(d)(2)(E).[42]  Consequently, there is

no justification for reconsidering my earlier ruling.  Furthermore, I have already

declined to issue a Certificate of Appealability.  Nothing in Cordero's submission

changes this decision.

## V.    CONCLUSION

For the reasons stated above, Cordero's Motion for Reconsideration

of this Court's November 8, 2010 Opinion and Order is denied.  The Clerk of the

Court is directed to close this motion (Document # 13) and this case.

---

[38]    Trial Tr. at 2300.

[39]    *See id.* at 2322, 2331-2334, 2410-2411.

[40]    *See id.* at 2373-2374.

[41]    *See id.* at 2451-2456.

[42]    *See Aparicio,* 269 F.3d at 99.

SO ORDERED:

_____
Shira A. Scheindlin
U.S.D.J.

Dated:      New York, New York
            December 28, 2010

**-Appearances-**

**Petitioner (Pro Se):**

Angel Cordero
#45200-054
FCC-Coleman
P.O. Box 1034
Coleman, FL 33521

**For Respondent:**

David Rody
Assistant United States Attorney
One Saint Andrew's Plaza
New York, NY 10007
(212) 637-2304